(78 Misc. Rep. 253.)

### BATTLE v. NATIONAL SURETY CO.

(Supreme Court, Appellate Term, First Department. November 12, 1912.)

EXECUTION (§ 453*)—AGAINST THE PERSON—UNDERTAKINGS—ACTION—DEFENSES.

    In an action on an undertaking to secure jail liberties to a judgment debtor, under arrest upon execution against his person, a showing that the judgment upon which the execution issued was taken by default in the City Court, and that the court thereafter vacated and set aside the proceedings on conditions, and that prior thereto the defendant fully performed all such conditions, by filing his answer and tendering the full amount of costs and disbursements, which plaintiff refused to receive, constitutes a good defense to the action, being in the nature of a plea of non damnificatus adapted to the rules of code pleading.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1364–1381; Dec. Dig. § 453.*]

Appeal from City Court of New York, Special Term.

Action by Andrew M. Battle against the National Surety Company. From an interlocutory judgment sustaining plaintiff's demurrer to the separate defenses contained in the defendant's answer, defendant appeals. Judgment, in so far as it sustains the demurrers to the first and second separate defenses, affirmed, with leave to the defendant to plead over as to the defense; and judgment, in so far as it sustains the demurrer to the third separate defense, reversed, with leave to the plaintiff to withdraw his demurrer, without costs or disbursements to either party.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Louis A. Leavelle, of New York City, for appellant.
Nathan Waxman, of New York City, for respondent.

PAGE, J. This action was brought to recover the sum of $298.97 on an undertaking given by Marcellus Hucless and this defendant to secure for said Hucless the liberties of the jail; he being in the custody of the sheriff of New York county by virtue of his arrest under an execution against his person in an action in the City Court, wherein Andrew M. Battle was plaintiff and said Marcellus Hucless was defendant. The complaint alleges the recovery of the judgment, the issuing of the execution against the person of the said Hucless, and his arrest by the sheriff; the giving of the undertaking by Hucless and this defendant, whereby they "did jointly and severally undertake in the sum of $600, lawful money of the United States, that the above-named Marcellus Hucless would remain a prisoner and would

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not at any time or in any manner escape or go without the liberties of the jail of the said county of New York until discharged by due course of law"; that the undertaking was approved and delivered to the sheriff; that Hucless was released from the custody of the sheriff; that thereafter Hucless went at large beyond the limits of the jail of the county of New York without the assent of the plaintiff, and was without the said limits without the consent of the plaintiff at the time of the commencement of this action.

The answer contains a general denial of the allegations of the complaint as to the escape, and sets forth three alleged separate and distinct defenses. The first two are clearly insufficient, and the demurrer thereto was well taken. The third separate defense, while inartificially drawn, nevertheless, in our opinion, states a good defense to the cause of action. The judgment upon which the execution against the person of Hucless was issued was taken by default. On May 29, 1912, an order was made by the City Court opening the default and providing that:

"The judgment entered herein, and the execution issued, and the proceedings had thereon are vacated and set aside, and defendant permitted to serve his proposed answer within six days after the entry of this order, upon condition that the defendant pays prior thereto the sum of $15 costs, together with disbursements to date; otherwise, motion denied, with $10 costs."

The answer further alleges that Hucless fully performed the condition of said order by tendering the full amount of costs and disbursements, together with his answer, within the time limited, but that plaintiff refused to receive the same.

The purpose of an execution is to enforce payment of a judgment. The undertaking given to secure the jail liberties for the defendant is to indemnify the party at whose instance the prisoner is confined from the possibility of the satisfaction of the judgment being defeated by the escape of the prisoner. Code Civil Procedure, § 151. It is upon this theory that the voluntary return of the prisoner to the liberties of the jail from which he escaped, or his capture by or surrender to the sheriff before commencement of the action, becomes a complete defense thereto. Code Civil Procedure, § 160. When the judgment, execution, and all proceedings thereunder were vacated and set aside, there certainly could be no possibility of the enforcement of the judgment by virtue of the execution; and hence there was no damage to the plaintiff from the escape of the prisoner, indemnity for which could be recovered from the surety. Non damnificatus, in an action on an indemnity bond, was recognized as a good and sufficient plea under common-law pleading. The third defense is in the nature of such a plea adapted to the rules of code pleading.

The interlocutory judgment, in so far as it sustains the demurrers to the first and second separate defenses, with leave to the defendant to plead over as to the defense, is affirmed. In so far as the interlocutory judgment sustains the demurrer to the third separate defense, it is reversed, with leave to the plaintiff to withdraw his demurrer, without costs or disbursements to either party. All concur.